IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NAKITA MILES | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Nakita Miles, by and through her attorneys, Hart McLaughlin & Eldridge, LLC, and Ben Crump Law, states as follows for her Complaint against State Farm Mutual Automobile Insurance Company ("State Farm"):

## INTRODUCTION

1. Nakita Miles is an African American woman who has over 20 years of experience in the insurance industry and who confronted State Farm's culture of racism, discrimination, and harassment which continued throughout the course of her career.

2. After joining the Centralized Investigation Team as a Claims Specialist in 2018, Nakita Miles witnessed and experienced discrimination and a hostile work environment, namely from her Team Manager – Holly Lindstrom.

3. Team Manager Holly Lindstrom had a reputation for discriminating against other minority employees, including by subjecting them to more stringent

rules than their white counterparts. Ms. Miles was subjected to this discriminatory conduct and hostile working conditions which resulted in physical, mental, and emotional distress.

4. The distress was so severe that Ms. Miles was forced to apply for short-term disability which led to additional discrimination.

5. Namely, after Ms. Miles applied for short-term disability and reported her physical, mental, emotional, and physical distress, Team Manager Holly Lindstrom – who was aware of Ms. Miles application and distress – continuously threatened Ms. Miles with termination if she did not abandon her disability application and return to work.

6. Team Manager Holly Lindstrom then discriminatorily and wrongfully terminated Ms. Miles.

## JURISDICTION AND VENUE

7. On December 7, 2021, Nakita Miles filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("E.E.O.C.").

8. A Notice of Right to Sue Letter was issued to Nakita Miles by the E.E.O.C. on April 7, 2022.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action involves federal questions regarding the deprivation of Plaintiff's rights under 42 U.S.C. § 2000e, 42 U.S.C. § 1981, and 42 U.S.C. § 12112.

10. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the claims

providing the basis for federal subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11. This Court has personal jurisdiction over the Defendant because the Defendant has its principal place of business within this jurisdiction.

12. Venue is proper in this jurisdiction under 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 12117(a) because Defendant's unlawful employment practice was committed in this judicial district, and the employment records relevant to their unlawful practices are maintained and administered in this judicial district. Alternatively, Defendant's principal office is within this judicial district.

## **PARTIES**

13. Nakita Miles is an African American female and an individual with a disability within the meaning of 42 U.S.C. § 12102. Namely, Ms. Miles has physical or mental impairments that substantially limit one or more major life activities, including severe depression, moderate anxiety, and chronic stress.

14. At all relevant times, Nakita Miles was employed by State Farm in the Irving, Texas office.

15. State Farm is a large group of insurance companies throughout the United States, including Texas, with its corporate headquarters in Bloomington, Illinois.

16. Defendant's headquarters and principal office in Bloomington, Illinois maintains and administers relevant employment records, including individual employee employment records, manager employment records, employee handbooks,

discrimination and harassment policies, and discrimination and harassment investigation materials.

17. State Farm is an employer as defined by Title VII of the Civil Right Act of 1964 and Title I of the Americans with Disabilities Act of 1990 and was, at all relevant times to this complaint, Nakita Miles' employer.

## BACKGROUND

**I.  Nakita Miles' Career with the Centralized Investigation Team**

18. In 2001, Nakita Miles began her employment with State Farm as an intern.

19. Beginning in or around 2018, Nakita Miles began working with the Centralized Investigation Team in the State Farm Claims Office in Irving, Texas.

20. Beginning in or around 2020, Nakita Miles was subjected to discrimination, harassment, and a hostile work environment by Team Manager Holly Lindstrom who imposed more stringent rules on Ms. Miles than her white counterparts.

21. For example, in accordance with State Farm policy, Nakita Miles was allowed 20 days to respond to demands from a policyholder once they were received. However, Team Manager Holly Lindstrom demanded that Ms. Miles send responses to Ms. Lindstrom within 10 days of receiving the demand.

22. Notably, this "10-Day Rule" is not State Farm policy, was created by Team Manager Holly Lindstrom, and was not imposed on Ms. Miles' white counterparts.

23. Moreover, on or around March 26, 2021, Team Manager Holly Lindstrom falsely accused Nakita Miles of falsifying her timecard.

24. In response, Ms. Miles provided documentation to Team Manager Holly Lindstrom, proving Ms. Miles did not falsify her timecard.

25. Based on information and belief, Team Manager Holly Lindstrom has raised these same false allegations, regarding falsified timecards, against other African American employees but has not made such allegations against white employees.

26. On or around March 29, 2021, Ms. Miles suffered an adverse employment action in the form of Team Manager Holly Lindstrom issuing a write up – a disciplinary employment action that was incorporated in Ms. Miles permanent employment file.

27. On or around this same day, due to the discrimination and retaliation by Team Manager Holy Lindstrom, Nakita Miles sought immediate medical treatment due to high blood pressure, stress, depression, and anxiety.

II. **Nakita Miles' Application and Appeals for Short-Term Disability**

28. On or around March 29, 2021, Nakita Miles took a leave of absence , as a result of the discriminatory and hostile working conditions she suffered which resulted in physical, mental, and emotional distress and applied for short term disability.

29. Nakita Miles' application for short-term disability related to her psychiatric restrictions in which her medical provider reported that Ms. Miles had a

depressed mood, dysphoric affect, pressured speech, negative thought content, impaired focus/concentration, poor memory, impaired sleep, isolative, and increased anxiety.

30. On or around April 22, 2021, Nakita Miles' application for short-term disability was approved.

31. On or around April 28, 2021, Nakita Miles applied for an extension of her short-term disability which, on or around May 13, 2021, was denied by Cigna for a failure to provide medical documentation.

32. In response, on or around May 19, 2021, Nakita Miles' medical provider submitted the requested medical documentation which recommended Ms. Miles continue her leave from work until May 29, 2021, due to her ongoing symptoms of depressed mood, dysphoric affect, pressured speech, negative thought content, impaired focus/concentration, poor memory, impaired sleep, isolative, and increased anxiety.

33. Shortly thereafter, on or around, May 26, 2021, Nakita Miles received a denial letter from Cigna.

34. On or around June 7, 2021, Nakita Miles submitted an appeal regarding the denial of her short-term disability extension.

35. On or around June 11, 2021, Nakita Miles received a letter from Cigna, confirming Cigna's receipt of Ms. Miles June 7, 2021 letter and stating that someone from the Appeals Team would contact Ms. Miles to discuss the appeal process and to assist in gathering additional information which would be considered as part of her

appeal. However, a member of Cigna's Appeals Team did not reach out to Nakita Miles.

36. On or about June 18, 2021, Nakita Miles' appeal for short-term disability was wrongly denied due to her claim not being "medically supported" despite the fact that Ms. Miles' medical providers found Ms. Miles to be exhibiting signs of:

  a. Anxiety
  b. Depression;
  c. Disorganized;
  d. Issues with sleep;
  e. Pressured speech;
  f. Depressed mood;
  g. Dysphoric affect;
  h. Unstable thought;
  i. Isolating from friends and family;
  j. Poor focus;
  k. Poor concentration;
  l. Poor memory;
  m. Volatile behavior;
  n. Fears of snapping;
  o. Easily agitated;
  p. Hair pulling; and
  q. Work stress

37. On or around July 1, 2021, Ms. Miles spoke to a Cigna Manager who indicated he would take a further review of Ms. Miles' claim.

38. On or around July 9, 2021, Ms. Miles informed Team Manager Holly Lindstrom her short-term disability appeal was under review by Cigna management, but Team Manager Holly Lindstrom continued to call and harass Ms. Miles regarding her return to work.

39. On or around July 22, 2021, a Cigna Manager informed Ms. Miles that he had been in contact with State Farm regarding the status of her case and determined that her case warranted additional medical review.

40. On or around August 20, 2021, Nakita Miles' application for short-term disability was denied by Cigna, but on or around August 26, 2021, Ms. Miles' attorneys provided legal notice to Cigna of Ms. Miles' intent to appeal her denial of short-term disability.

41. Based upon information and belief, a resolution had not been reached regarding Ms. Miles' short-term disability appeal prior to her wrongful termination.

### III. Nakita Miles' Wrongful Termination from State Farm

42. On or around August 17, 2021, Ms. Miles submitted a formal complaint to State Farm regarding her workplace concerns.

43. On or around September 7, 2021, Ms. Miles received a formal letter from Team Manager Holly Lindstrom threatening termination if Ms. Miles did not return to work or submit a written request to Cigna to appeal her short-term disability claim by September 8, 2021.

44. On or around September 9, 2021, Ms. Miles was informed that an investigation into her allegations of discrimination would be conducted.

45. On or around September 10, 2021, Ms. Miles informed Team Manager Holly Lindstrom via text message, in accordance with the September 8, 2021, letter, that Ms. Miles had retained an attorney who was submitting an appeal to Cigna and representing Ms. Miles for her short-term disability claim.

46. Based upon information and belief, State Farm and Cigna received a letter of representation from Ms. Miles' attorneys regarding her appeal for short-term disability prior to September 8, 2021.

47. On or around September 29, 2021, Nakita Miles was contacted by a Human Resources Representative who advised that State Farm's investigation found merit in her allegations of discrimination and that corrective actions would be taken.

48. On or around October 8, 2021, Ms. Miles sent a follow-up email to Human Resources memorializing the September 29, 2021 conversation.

49. On or around October 11, 2021, Nakita Miles was wrongfully terminated by Team Manager Holly Lindstrom, in a formal letter dated October 8, 2021.

## COUNT I
### Title VII, 42 U.S.C. § 2000(e), et seq.
### Discrimination, Harassment, and Hostile Work Environment

50. Each of the foregoing paragraphs are incorporated herein as if fully restated.

51. As an African American, Nakita Miles is a member of a protected class.

52. As described above, State Farm's conduct towards Nakita Miles was discriminatory and occurred because of and based upon Ms. Miles' race.

53. State Farm's conduct occurred over several months, constituting a continuing course of discrimination towards Plaintiff.

54. State Farm committed an unlawful employment practice by treating Plaintiff differently because of her race, causing a change in the condition of her employment and subjecting her to a hostile work environment.

55. Plaintiff was subjected to a racially discriminatory environment that was both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that Plaintiff in fact did perceive to be so.

56. State Farm's conduct had the purpose or effect of unreasonably interfering with Plaintiff's work performance.

57. State Farm's conduct had the purpose or effect of creating an intimidating, hostile and offensive work environment.

58. State Farm's actions permeated the workplace with discriminatory intimidation, ridicule and insult that was sufficiently severe or pervasive and regular to alter the conditions of Plaintiff's employment and create an abusive working environment.

59. State Farm's discriminatory conduct created a hostile work environment for Nakita Miles.

60. State Farm's racist and discriminatory conduct included adverse employment actions and wrongfully terminated Nakita Miles.

61. State Farm willfully and intentionally subjected Nakita Miles to racial discrimination.

62. State Farm knew its actions violated Title VII or it was recklessly indifferent in that regard.

63. Defendant State Farm has therefore denied Plaintiff her rights under the Civil Rights Act of 1964 and she has suffered damages as a direct result of her rights being violated.

64. As a direct and proximate result of the foregoing, Nakita Miles has suffered, and will continue to suffer, damages including, but not limited to, loss of front and back wages, earnings, benefits, insurance premiums, emotional distress, and other damages to be determined at trial. Nakita Miles claims compensatory and punitive damages for these losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## COUNT II
### Civil Rights Act of 1866, 42 U.S.C. § 1981
### Intentional Racial Discrimination and Hostile Work Environment

65. Each of the foregoing paragraphs are incorporated herein as if fully restated.

66. As described above, State Farm's conduct towards Nakita Miles was discriminatory and occurred because of and based upon Ms. Miles' race.

67. State Farm willfully and intentionally subjected Nakita Miles to racial discrimination.

68. State Farm knew its actions violated Section 1981 of the Civil Rights Act of 1866 or it was recklessly indifferent in that regard.

69. Defendant has therefore denied Plaintiff her rights under Section 1981 of the Civil Rights Act of 1866 and she has suffered damages as a direct result of her rights being violated.

70. As a direct and proximate result of the foregoing, Nakita Miles has suffered, and will continue to suffer, damages including, but not limited to, loss of front and back wages, earnings, benefits, insurance premiums, emotional distress,

and other damages to be determined at trial. Nakita Miles claims compensatory and punitive damages for these losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

### COUNT III
### Violation of Texas Commission on Human Rights Act
### Tex. Labor Code Ann. § 21.051
### Discrimination

71. Each of the foregoing paragraphs are incorporated herein as if fully restated.

72. As an African American, Nakita Miles is a member of a protected class.

73. As described above, State Farm's conduct towards Nakita Miles was discriminatory and occurred because of and based upon Ms. Miles' race.

74. Nakita Miles suffered adverse employment actions, namely a write up, low performance review, and wrongful termination, as a result of her race.

75. State Farm willfully and intentionally subjected Nakita Miles to racial discrimination.

76. State Farm knew its actions violated Section 21.051 of the Texas Labor Code or it was recklessly indifferent in that regard.

77. Defendant has therefore denied Plaintiff her rights under the Texas Labor Code, and she has suffered damages as a direct result of her rights being violated.

78. As a direct and proximate result of the foregoing, Nakita Miles has suffered, and will continue to suffer, damages including, but not limited to, loss of front and back wages, earnings, benefits, insurance premiums, emotional distress,

and other damages to be determined at trial. Plaintiff claims special damages, economic damages, and attorneys' fees and costs as permitted by law.

## COUNT IV
### Title I, 42 U.S.C. § 12101, et seq.
### Retaliation

79. Each of the foregoing paragraphs are incorporated herein as if fully restated.

80. Nakita Miles is a member of a protected class as she is an individual with a disability within the meaning of 42 U.S.C. § 12102 because Ms. Miles has physical or mental impairments that substantially limit one or more major life activities, including severe depression, moderate anxiety, and chronic stress, which substantially limit her ability to sleep, think, and concentrate.

81. Nakita Miles was qualified for her various positions within State Farm, with or without reasonable accommodations.

82. Pursuant to 42 U.S. Code § 12112(a): No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

83. Nakita Miles suffered an adverse employment action, namely being terminated, as a result of her disability and applying for and appealing for short-term disability.

84. The adverse actions were directly related and causally connected to Nakita Miles' application for and appealing for short-term disability benefits.

85. These adverse actions were in direct violation of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

86. By reason of this retaliation by State Farm, Nakita Miles suffered loss of earnings and benefits, in addition to suffering great pain, distress, anxiety, depression, and further mental anguish, all to her damage.

87. As a direct and proximate result of the foregoing, Nakita Miles has suffered, and will continue to suffer, damages including, but not limited to, loss of front and back wages, earnings, benefits, insurance premiums, emotional distress, and other damages to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nakita Miles, by and through her attorneys, Hart McLaughlin & Eldridge, LLC, and Ben Crump Law, respectfully requests that the Court enter an Order granting the following relief against the Defendant, State Farm Mutual Automobile Insurance Company:

    A.    Awarding Plaintiff actual damages;

    B.    Awarding Plaintiff lost wages;

    C.    Awarding Plaintiff damages for her emotional distress;

    D.    Awarding Plaintiff punitive damages;

    E.    Awarding Plaintiff her reasonable attorneys' fees and litigation costs; and

F.   Awarding such other and further relied as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff demands a trial by jury in this action on each and every one of her claims.

Dated: July 6, 2022

Respectfully Submitted,

/s/ Robert J. McLaughlin, Esq.

Robert J. McLaughlin, Esq. #6272701
Steven A. Hart, Esq. #6211008
Carter D. Grant, Esq. #6306058
Y'Noka Y. Bass, Esq. #6338700
**Hart McLaughlin & Eldridge, LLC**
22 West Washington, Suite 1600
Chicago, Illinois 60602
Tel:  (312) 955-0545
Fax: (312) 971-9243
FIRM ID: 59648
rmclaughlin@hmelegal.com
shart@hmelegal.com
cgrant@hmelegal.com
ybass@hmelegal.com

Benjamin Crump
**BEN CRUMP LAW**
122 S. Calhoun Street
Tallahassee, Florida 32301
P. (800) 713-1222
ben@bencrump.com